United States Court of Appeals,
Fifth Circuit.

No. 92-3011.

James Edward ROSSKAMP, Plaintiff-Appellant, Cross-Appellee,

v.

KERR McGEE CORPORATION, Intervenor-Plaintiff-Appellant, Cross-Appellee,

Phillips Petroleum Company, Defendant-Appellee, Cross-Appellant.

June 8, 1993.

Appeals from the United States District Court for the Eastern District of Louisiana.

Before JOLLY and DAVIS, Circuit Judges, and BRAMLETTE[1], District Judge.

W. EUGENE DAVIS, Circuit Judge:

Plaintiff James Edward Rosskamp was a Kerr McGee Corporation employee who serviced platforms throughout the Gulf. While he was checking the light on a navigation-aid pole on a Louisiana platform, the pole fell with him and on him to the deck below. Phillips Petroleum Company was a one-half owner of the platform with Kerr McGee. The co-owners had entered a joint operating agreement under which the platform was operated by Kerr McGee.

Rosskamp sued Phillips Petroleum as platform owner for the ruinous condition of the platform. Kerr McGee intervened to recover worker's compensation benefits paid Rosskamp. Phillips defended, arguing immunity from tort liability by virtue of its status as either a joint venturer/partner with Kerr McGee and or as Rosskamp's statutory employer. These two tort immunity defenses were tried to the court, and damages were tried to a jury. After a verdict for Rosskamp, Phillips prevailed on a motion to reconsider tort immunity. The court held that Phillips was immune as a statutory employer. We affirm.

I.

Under Louisiana law a "principal" or "statutory employer" is secondarily liable for worker's compensation benefits to an injured employee and enjoys tort immunity. La.Rev.Stat.Ann. §§

[1]District Judge from the Southern District of Mississippi, sitting by designation.

23:1032, 1061 (West 1985 and Supp.1993). A "principal" is "any person who undertakes to execute any work which is a part of [its] trade, business or occupation in which [it] was engaged at the time of the injury, or which [it] had contracted to perform and contracts with any person for the execution thereof." La.Rev.Stat. § 23:1061.

Plaintiff argues only that there is no evidence that Phillips undertook to operate or contracted to operate the wellhead at issue. Relying chiefly on *Mozeke v. International Paper Co.,* 856 F.2d 722 (5th Cir.1988), Rosskamp argues that Phillips as a non-operating owner cannot qualify as a "principal" under the compensation statute.

We disagree. A non-operating owner may indeed be a principal and therefore a statutory employer immune from tort liability. It is not necessary that the person who executes the contract be a general contractor and that the contract for the performance of the work be in the form of a subcontract. In *Mozeke,* for example, the "principal" was a non-operating owner of a paper mill, not a general contractor. *Mozeke,* 856 F.2d at 728. In *Klohn v. Louisiana Power & Light,* 406 So.2d 577 (La.1981), the Louisiana Supreme Court implicitly held that a non-operating owner could be a principal by holding that an operating agreement between the plant owner and a contractor provided the principal/contractor relationship within the meaning of the statute. See *Klohn,* 406 So.2d at 580-81; see also *Devane v. Board of Comm'rs,* 420 So.2d 1001, 1003 (La.Ct.App.1982) (a contract of lease may establish a contractual relationship making the lessor/owner a "principal" if the lease requires that the lessee execute work which the lessor had previously undertaken as part of its trade or business).

The statute does not imply that a principal must undertake actual operations of the facility where the injury occurred. The statutory requirement is only that Phillips "undertake to execute work" within its trade, business, or occupation. The lessor under the Devane lease met the statutory requirement that it "undertake to execute work ... which is part of [its] business ... *by contracting with the Public Grain Elevator for performance of that work.*" *Devane,* 410 So.2d at 1004 (emphasis ours). Similarly, Phillips meets the requirement: it undertook to execute work that was part of its business by entering into a mineral lease, investing in the platform to expand its mineral

production business, and contracting with Kerr McGee to operate the platform.

Rosskamp does not challenge the court's finding that Phillips was engaged in the trade, business or occupation of exploring for and producing oil and gas from platforms at the time of the accident. Nor is there any assigned error in the finding that Phillips contracted with Kerr McGee to service the platform. Phillips thus undertook to execute work within its trade or business and contracted with Kerr McGee for the execution of that work. Phillips is therefore a principal within the meaning of the compensation statute and is immune to the tort claims brought by Rosskamp in this matter. La.Rev.Stat. § 23:1032, 1061.

## II.

Our agreement with the district court on statutory employer immunity renders moot Phillips' cross-appeal arguing alternative grounds for tort immunity. Because we affirm the judgment overturning the verdict, we do not reach Plaintiff's claim regarding the reduction in the jury award. Similarly, because we are not reinstating the verdict, Kerr McGee's appeal on its intervention to recover compensation benefits from the jury award is also moot.

## III.

The judgment dismissing the claims of Rosskamp on the basis of immunity is AFFIRMED. The appeal of Kerr McGee and the cross-appeal of Phillips are DISMISSED as moot.